IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY L. MIXON
     Petitioner,

v.                               Case No.  3:13cv126/MCR/CJK

STATE OF FLORIDA,
     Respondent.
_____

## ORDER and
## <u>REPORT AND RECOMMENDATION</u>

This cause is before the Court upon petitioner's filing a pleading titled "Petition for Writ of Habeas Corpus – Motion to Vacate, Set Aside – Negligence". (Doc. 1).  Petitioner purports to file this pleading "pursuant to Criminal Procedure 60(b)".  (Doc. 1, p. 1).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A); that petitioner failed to obtain the requisite authorization before filing this petition; and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner's pleading challenges a 1992 judgment of conviction (for two counts of lewd and lascivious act and three counts of battery) entered against petitioner in

the Circuit Court for Escambia County, Florida. (Doc. 1, p. 1). Petitioner claims that law enforcement engaged in misconduct during the investigation of his case, and that the prosecutor withheld exculpatory evidence, namely, a Sexual Assault Report dated July 12, 1992. (*Id.*, pp. 2-3). Petitioner asserts that this evidence shows he is actually innocent of all but two of his offenses. (*Id.*, p. 3). Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), provides a basis for Rule 60(b) relief, because he attempted to raise these two claims in a state mandamus petition filed with the Florida Supreme Court in 2009, but the petition was construed as a state habeas petition and transferred to the Florida First District Court of Appeal where petitioner was denied counsel and denied habeas relief without issuance of a written opinion. (*Id.*, pp. 4-5) (discussing *Mixon v. State*, Case No. 1D09-5804). Petitioner asserts that his lack of counsel excuses "any procedural default" of the two claims he now seeks to raise. (*Id.*, p. 4). Petitioner further asserts that trial counsel in his underlying criminal case was ineffective for allowing him to "plea out" to four of the five charges, and for "allowing" the prosecutor to not disclose the Sexual Assault Report. (*Id.*, p. 5).

The Court takes judicial notice of its own records in *Mixon v. Thomas*, Case Number 3:99cv32/RV/SMN. Petitioner initiated *Mixon v. Thomas* on January 27, 1999, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the same judgment of conviction at issue here. (*See* Case Number 3:99cv32/RV/SMN, Doc. 1). This Court denied the petition on June 30, 1999, as barred by the statute of limitations. (*Id.*, Docs. 13, 17, 18). Petitioner did not move for a certificate of appealability or otherwise attempt to appeal. Now, over thirteen years later, petitioner returns to present new claims for relief.

DISCUSSION

Title 28 U.S.C. § 2244(b) provides in pertinent part as follows:

> (b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244(b) (emphasis added).

Federal courts must ensure that federal habeas petitioners do not use Rule 60(b) of the Federal Rules of Civil Procedure to circumvent § 2244(b)(3)'s restrictions governing second or successive federal habeas petitions. As the Eleventh Circuit explained in *Franqui v. Florida*, 638 F.3d 1368 (11th Cir. 2011):

While Rule 60(b) permits a party to seek relief from a judgment on certain limited grounds, it cannot be used by habeas petitioners to raise new claims for habeas relief: this use would circumvent the AEDPA requirement that a petitioner obtain the approval of the appropriate court of appeals before filing a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 125 S. Ct. 2641, 2647-48, 162 L. Ed. 2d 480 (2005); *see also* 28 U.S.C. § 2244(b)(3)(A).

*Id*. at 1371. The Supreme Court in *Gonzalez v. Crosby, supra,* instructed that a habeas petitioner filing a Rule 60(b) motion should be held to the standards of § 2244(b), if his motion contains a "claim" as the term is used in that section. A "claim" under § 2244(b) is "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 125 S. Ct. at 2647. "Raising such a claim in a Rule 60(b) motion is an improper attempt to avoid AEDPA's second-or-successive restrictions and is not permitted." *Franqui* at 1371 (*citing* 28 U.S.C. § 2244(b)(2)).

A Rule 60(b) motion <u>can</u> be appropriate where a petitioner "does not assert, or reassert, claims of error in [his] state conviction", *Gonzalez*, 125 S. Ct. at 2651, but instead attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 2648. A valid Rule 60(b) allegation may appear when the petitioner/movant "asserts that a previous ruling which precluded a merits determination [of one or more claims raised in his federal habeas petition] was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 2648 and n.4.

Here, petitioner's pleading is a not a true Rule 60(b) motion for relief from the 1999 federal habeas judgment, because petitioner does not contend that specific defects existed in that federal habeas proceeding. Instead, petitioner asserts new substantive federal grounds for attacking his 1992 state criminal conviction. The

basic objective of petitioner's pleading is to advance additional claims for habeas relief. As was the case in *Franqui*, "[t]he real problem the motion aims at is Petitioner's continued confinement, and the objective it seeks is an additional shot at release by asserting a new claim to be considered on its merits." *Id*. at 1372. Petitioner's pleading "is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute." *Gonzalez*, 125 S. Ct. at 2647 (internal quotation marks and citation omitted).

The Court determined, in an order dated March 25, 2013, that the instant petition was a second or successive habeas corpus application. (Doc. 3). Petitioner was provided twenty-one days in which to show cause why this case should not be dismissed by filing a copy of the Eleventh Circuit's order authorizing him to file a second or successive § 2254 petition. (Doc. 3). Petitioner was warned that failure to comply with the order would result in a recommendation that this case be dismissed. (*Id*.). In response, petitioner has filed a motion for extension of time, seeking a thirty-day extension to allow him to apply to the Eleventh Circuit for an order authorizing him to file the now-pending second or successive § 2254 petition. (Doc. 4). Petitioner's motion for extension of time will be denied, as petitioner was required to obtain the Eleventh Circuit's authorization <u>before</u> filing his habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases (2011) ("<u>Before</u> presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).") (emphasis added). As additional cause for denial, the undersigned notes that

petitioner does not even hint that he would have any allowable basis for a successive petition. Petitioner's failure to first obtain the Eleventh Circuit's authorization operates as a jurisdictional bar and warrants dismissal of this case. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that federal district court lacked jurisdiction to entertain prisoner's second habeas petition, because prisoner failed to obtain an order from the appropriate court of appeals authorizing him to file a second or successive petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Petitioner's motion for extension of time (doc. 4) is DENIED.

And it is respectfully RECOMMENDED:

1. That petitioner's "Petition for Writ of Habeas Corpus – Motion to Vacate, Set Aside – Negligence" (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2. That the Clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 16th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).